UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JUAN DERAS,

               Petitioner,

      v.

ICE FIELD OFFICE DIRECTOR,

               Respondent.

Case No. C26-220-RSM

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS UNDER
28 U.S.C. § 2241

       This matter comes before the Court on Petitioner Juan Deras' Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.  Dkt. #3.  The Court has reviewed the verified petition, the responsive briefing filed by the Government, Dkts. #6-8, and the remainder of the record.  The following facts are taken from a declaration of a deportation officer submitted by the Government.  Dkt. #7.

       Petitioner, a native and citizen of El Salvador, entered the United States in March of 1990.  After entry, Petitioner's criminal history includes a slew of arrests and state convictions between 1992 and 2007 in California.  Petitioner was issued a Notice to Appear on May 29, 2008, marking him as "an arriving [noncitizen]," stating that his parole status was expired or terminated, and ordering him to appear in immigration court on July 2, 2008.  Dkt. #8-1, Ex.1.  On August 20, 2014, United States Citizenship and Immigration Services ("USCIS") notified Petitioner that he was approved to apply for adjustment of status due to being the spouse of a United States citizen.  An immigration judge dismissed his removal proceedings on March 2, 2015.

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 1

On May 3, 2024, USCIS denied Petitioner's Application to Register Permanent Residence or Adjust status, citing his criminal history, his unlawful entry into the United States, and his alleged admittance to being an MS-13 gang member as reasons for the denial. *See* Dkt. #8-6, Ex. 6. The Government alleges that "Petitioner has spent more than three decades attempting to gain lawful status in the United States through repeated filings with" USCIS. Dkt. #6 at 2; *see* Dkt. #8-2, Ex. 2 at 3 (detailing Petitioner's immigration history).

On April 11, 2025, Petitioner was arrested by Immigration and Customs Enforcement ("ICE") officers in Van Nuys, California. He was served a Notice to Appear, charging him as a noncitizen "present in the United States who has not been admitted or paroled." Dkt. #8-3, Ex. 3. On June 9, 2025, at a master hearing in Tacoma Immigration Court, an immigration judge found Petitioner removable as charged. Petitioner subsequently filed an asylum and withholding of removal application. On November 26, 2025, an immigration judge ordered Petitioner removed to El Salvador and denied his applications for relief, as well as his request for voluntary departure. Petitioner appealed this decision, which remains pending before the Board of Immigration Appeals ("BIA"). "No Bond hearing has been held for Petitioner in EOIR [Executive Office for Immigration Review]." Dkt. #7 at ¶ 15. Petitioner remains detained at Northwest ICE Processing Center in Tacoma, Washington.

Federal courts have authority to grant writs of habeas corpus to an individual in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). Here, Petitioner appears to challenge the duration of his detention, which he states has continually lasted since April 12, 2025. *See* Dkt. #3. However, Petitioner's application is devoid of any other facts, allegations, or details by which this Court may evaluate his claims. *Id*.; *see also* LCR 100(a) (notifying petitioners of the Court's form § 2241 petition,

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 2

which requires petitioners to "provide all information required by the form").  While the Court will liberally construe *pro se* habeas petitions, *see Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001), petitions with vague and/or conclusory allegations are subject to dismissal.  *See Neiss v. Bludworth*, 114 F.4th 1038, 1041 (9th Cir. 2024).  The Court finds that the petition lacks necessary specificity for this Court to determine that Petitioner is being held in violation of the Constitution or laws of the United States, and Petitioner fails to provide any factual information specific to his claim.  Accordingly, this petition is properly dismissed with leave to amend.  *See Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (Dismissal with leave to amend is proper "unless it appears that no tenable claim for relief can be pleaded were such leave granted.").

Having considered the instant petition, the relevant briefing, and the remainder of the record, the Court hereby finds and ORDERS that Petitioner's habeas petition is DENIED.

DATED this 6th day of April, 2026.

Ricardo S. Martinez
United States District Judge

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 3